UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANE COCO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-661-BAJ-SDJ** |
| **HEXION, INC., et al.** | |

## ORDER

Before the Court is a Motion to Re-Urge Plaintiffs' Unopposed Stay of this Matter Pending Resolution of the Plaintiffs' Motion to Remand (R. Doc. 17) ("Motion to Stay"), filed by Plaintiffs on November 4, 2020. As the name suggests, in their Motion to Stay, Plaintiffs seek a temporary stay of this case pending resolution of Plaintiffs' pending Motion for Remand (R. Doc. 15). No opposition to this Motion has been filed.

For the reasons set forth below, Plaintiffs' Motion to Stay (R. Doc. 17) is granted, and pretrial deadlines are stayed pending resolution of Plaintiffs' Motion for Remand (R. Doc. 15). If Plaintiffs' Motion for Remand is denied, discovery in this case may recommence immediately, and the Parties are instructed to contact the Court with available dates for setting a Scheduling Conference.

**I.    Background**

Plaintiffs initiated this suit against Defendants, Hexion Inc.; Lanxess Solutions US, Inc.; SEMS, Inc.; Jesco Environmental and Geotechnical Services, Inc.; LEAAF Environmental, LLC; State of Louisiana through the Department of Environmental Quality; and Parish of Ascension, on or about August 14, 2020, in the 23rd Judicial District Court ("JDC") for the Parish of Ascension.[1]

---

[1] R. Doc. 1-1 at1.

In their Petition, Plaintiffs allege that Defendants "engaged in a series of activities resulting in the contamination of the groundwater and soils underlying the lands of Plaintiffs."[2] Per Plaintiffs, the property in question, located in Ascension Parish, was "used as an illegal hazardous waste disposal site."[3] They seek, *inter alia*, "to recover damages for the evaluation and remediation of contamination or pollution alleged to impact or threaten to impact usable groundwater" pursuant to the Groundwater Act.[4]

On October 2, 2020, Defendants Hexion, Inc. and Lanxess Solutions US, Inc. removed the case from the 23rd JDC to this Court. In response, Plaintiffs filed their Motion for Remand (R. Doc. 15) on October 30, 2020.[5] They subsequently filed the instant Motion to Stay (R. Doc. 17), seeking a stay of this matter pending resolution of their Motion for Remand.

## II. Law and Analysis

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court

---

[2] *Id.* at 8 ¶ 5.
[3] *Id.* at 9 ¶ 8.
[4] *Id.* at 8 ¶ 7.
[5] The Court notes that Defendants LEAAF Environmental, LLC; Hexion, Inc.; and Lanxess Solutions US, Inc. have each filed a Motion to Dismiss for Failure to State a Claim (R. Docs. 10, 11, and 12), which also are pending before this Court.

has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

The Court has considered the position of each Party, recognizing that all Parties either support or do not oppose a stay in this case pending resolution of Plaintiffs' Motion for Remand, and hereby grants Plaintiffs the relief requested. Given the sheer number of parties involved and the complexity of the suit, the Court finds that the interests of judicial economy will be served by staying this matter until it can be determined whether this Court has jurisdiction over this litigation.

### III.    Conclusion

Based on the foregoing, the Court concludes that a temporary stay of this case is warranted in light of Plaintiffs' pending Motion for Remand. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion to Re-Urge Plaintiffs' Unopposed Stay of this Matter Pending Resolution of the Plaintiffs' Motion to Remand (R. Doc. 17) is **GRANTED**. All pretrial deadlines in this proceeding are hereby stayed pending a Ruling by the assigned District Judge on Plaintiffs' pending Motion for Remand (R. Doc. 15).

**IT IS FURTHER ORDERED** that if Plaintiffs' pending Motion for Remand (R. Doc. 15) is denied by the assigned District Judge, the parties are authorized to re-commence discovery without any further Order from the Court and are instructed to contact the Court with available dates for setting a Scheduling Conference **within seven (7) days** of the denial being issued.

Signed in Baton Rouge, Louisiana, on January 19, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**